DOYLE v. BOSTON & A. R. CO.

(Circuit Court of Appeals, First Circuit. October 6, 1897.)

No. 144.

1. ISSUE OF NEGLIGENCE — BURDEN OF PROOF — INSTRUCTION — CONTRIBUTORY NEGLIGENCE.

Where the real issue, as made before the jury, was the negligence of the defendant, it was not error for the court to charge that the burden of proof of the entire case was on the plaintiff, and to refuse to charge that the burden of showing plaintiff's want of care was on defendant.

**2. NEGLIGENT STARTING OF TRAIN—NOTICE TO PASSENGER—INSTRUCTIONS, AND REFUSAL.**

The question of the conductor's negligence in starting the train and giving plaintiff notice having been submitted to the jury in a charge sufficiently clear and explicit, it was not error to refuse to instruct the jury that, if the conductor shouted "All aboard," it was proper for them to consider whether or not plaintiff might not reasonably suppose the train would not start until he had an opportunity to board it.

**3. NEGLIGENCE OF EMPLOYES—DEFECTIVE PLATFORM AND LIGHTS—EFFECT OF INSTRUCTION.**

In an action for personal injuries alleged to result from the negligent starting of a train, and failure to provide suitable platform and lights, the question of negligence arising from defective platform and lights, having been submitted to the jury, was not withdrawn from their consideration by a charge that "this case must be treated precisely as though this suit had been brought directly against the conductor and engineer, if the accident happened through the fault of the conductor and engineer."

**4. INSTRUCTIONS—EXPRESSION OF OPINION BY JUDGE.**

Where other questions were involved, but the gist of plaintiff's case, on the pleadings and evidence, was the negligent starting of a train, it was not error for the court to so state to the jury, where he clearly informed them that they were the judges of the fact, no matter how strongly he might express his personal views thereon.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Richard M. Saltonstall and E. Eugene Bolles, for plaintiff in error.

Samuel Hoar and George P. Furber, for defendant in error.

Before COLT, Circuit Judge, and WEBB and BROWN, District Judges.

COLT, Circuit Judge. This was an action by a passenger against a railroad corporation for personal injuries. The injuries were received at a station known as Riverside, on the evening of August 19, 1893, while the plaintiff was in the act of boarding the defendant's train. The verdict was for the defendant, and the plaintiff tendered a bill of exceptions, and sued out this writ of error. Before coming to the consideration of the errors assigned, it may be observed that they are generally open to the criticism of not giving all that the court below said in its charge to the jury upon the particular point to which exception was taken. It is not a sufficient ground for error to take a single sentence or passage from the charge, disconnected from the general context, or from what precedes or follows. In determining whether the court below was right or wrong, we must examine the whole context, in order to find out what was in fact the ruling. The numerous errors assigned may be considered under several general heads:

1. The court refused to instruct the jury that the burden of proof was upon the defendant to show that the plaintiff was not in the exercise of due care at the time of receiving the injury complained of, and that the defendant must show this by a fair preponderance of the evidence, or the plaintiff is entitled to recover, so far as his own negligence is concerned; but the court did instruct the jury as follows:

"The plaintiff is to prove his entire case, as I shall submit it to you, by a preponderance of evidence." "I do not withdraw what I said to you,—that the burden of the proof of this entire case, as I submit it to you, is on the plaintiff."

As the case was submitted, if no question of care on the part of the plaintiff was left for the consideration of the jury, the plaintiff was not injured.    The declaration contained two counts.    In both counts the injury was alleged to have been caused by the defendant's carelessly starting the train while the plaintiff was about to board it.    The second count further declared that the defendant was negligent in not providing suitable platforms, lights, and other facilities for passengers alighting from and taking trains at this station.    The evidence in the case was directed mainly to the point whether the defendant was negligent in starting the train.    Upon the pleadings and proofs, we think the court below properly held that the question did not arise whether the plaintiff was in the exercise of ordinary care at the time of receiving the injury.    The only real issue before the jury was the negligence of the defendant, and upon this issue the burden of proof was upon the plaintiff.    The language of the court, therefore, was proper and unobjectionable.    This instruction was favorable to the plaintiff, because it eliminated from the consideration of the jury one ground of defense, namely, that, assuming the defendant was negligent, the plaintiff's right of recovery could still be defeated by proving that he was not in the exercise of ordinary care at the time of receiving his injury.    But in fact, as appears in the charge printed in the record, but not noticed in the bill of exceptions, the court did instruct the jury on the question of the plaintiff's negligence, and the rule of this court as to the burden of proof on this issue, as follows:

"I do not recollect any point at which the question of the plaintiff's care comes up, but, if there is any point where it comes up as a ground of defense, the burden is on the defense; and I instruct you now, as requested by the plaintiff that 'the burden of proof is not upon the plaintiff to show that he himself was in the exercise of due care at the time of receiving the injury, but if the defendant claims the plaintiff's neglect contributed to the injury, the burden of proof is on the defendant to show that fact.' "

If either party had cause to complain that the consideration of the plaintiff's negligence was taken from the jury, it was the defendant. In its answer such negligence was alleged as a ground of defense, and upon the whole evidence the defendant might well have insisted that the jury should pass upon it.    If the verdict had been for the plaintiff, it would have been a serious question whether the defendant ought not to have a new trial.

2. The court refused to instruct the jury as follows:

"If the conductor, prior to starting the train, shouted 'All aboard,' it is proper for you to consider this fact in considering whether or not the plaintiff. if he was then in or upon the premises where passengers might properly wait, might not reasonably suppose that the train would not start until he had an opportunity to board it forthwith after hearing said warning."

While the judge refused this request in the form in which it was stated, he did leave the question to the jury whether the conductor, under the circumstances, was negligent in starting the train, and whether he gave the plaintiff sufficient notice before starting.    We think the charge of the judge on this point was sufficiently clear and explicit, and that he properly refused to give the instruction in the terms in which it was prayed for.

3. It is urged that the court did not properly submit to the jury, as a ground of action, the alleged negligence of the defendant by reason of defective platforms and lights, contained in the second count of the declaration, but did charge as follows:

"The burden of this case, as I will show you, is upon the proposition that the train started with a jerk." "As the case stands, if the train had not started with a jerk there would be no case." "The second count also contains what I will read to you from the first, 'Just as the plaintiff was taking the train, it started,' and which I say is the pith of the case."

We think the court was entirely justified in the use of this language in the connection in which it was used in the charge. The real point in the case was the negligence of the defendant in starting the train. This is conceded in the plaintiff's brief, in the following words:

"The gist of the plaintiff's claim, upon the pleadings and evidence, was that the train was carelessly started."

But in fact the court did submit to the jury the question of defective platforms and lights, contained in the second count. The judge said:

"There are two counts, which differ in certain particulars. The second count contains allegations touching the condition of the platform, and touching the condition of the lights. I do not know that there is any evidence here that the condition of the platform, if it was in an incumbered condition, contributed to this accident. The matter of lights is one of those things about which the court is unable to form any proper conception. It is one eminently suitable for you to determine. * * * The first count only alleges that the train started, and that that was the cause of the accident. The other count charges the condition of the platform, the want of light, and the starting of the train,—all three. Now, gentlemen, under the second count the plaintiff is not bound to prove all three; he may prove one, two, or three of those allegations, provided you are satisfied they contributed to the accident."

4. It is urged that the court erred in charging the jury, in substance, that the fault of the railroad company was the fault of the conductor and the engineer, and that "this case must be treated precisely as though this suit had been brought directly against the conductor and the engineer, instead of against the railroad company." But the qualifying words of the court, "if the accident happened through the fault of the conductor and engineer," are omitted in the assignment of errors. In this, as in others of the errors assigned, where the whole context is examined the charge of the judge is found to be, unobjectionable. As this proposition was in fact stated to the jury, it cannot be said that the court took away from their consideration the question of negligence arising from defective platforms and lights, for which neither the conductor nor the engineer was liable. Nor did this passage in the charge contain an erroneous statement of law. It simply referred to the rule in this class of cases that the fault is the fault of the servant alone, and that on grounds of public policy the master is held responsible for the fault of his servant.

5. The comments of the court on the evidence are assigned as error. We find nothing in those statements which was unfair to the plaintiff. Further, it appears that all questions of fact were finally left to the jury. In the comments on the evidence set out in the twentieth assignment of error the court said, "You [the jury] will consider, it is a matter for you to determine," etc.; and in the comments referred to

in the twenty-first assignment the court said: "You are to determine whether that is true." "You are to judge whether or not the conductor did not give this man ample time." The judge charged the jury generally on this subject as follows:

"So, gentlemen, it may be, in the course of the charge, I shall direct you upon certain questions of fact as well as upon certain questions of law, that you ought to find so and so, and, if I do, I will make it clear at the time that I intend so to direct you, and you must follow my directions; but unless I say to you, on a certain proposition of fact, that you must find the facts so and so, you are to understand you are the judges of the fact, no matter how strongly, as I go along, I may express my personal views upon certain questions."

The expression of an opinion by the judge in submitting the case to the jury, when no rule of law is incorrectly stated, and all matters of fact are ultimately submitted to the determination of the jury, cannot be reviewed on a writ of error. Railroad Co. v. Putnam, 118 U. S. 545, 553, 7 Sup. Ct. 1. Judgment of the circuit court affirmed.